# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: A.B.**

**No. 15-0004** (Gilmer County 13-JA-15)

**FILED**

October 20, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Father L.B., by counsel Christopher G. Moffatt, appeals the Circuit Court of Gilmer County's November 6, 2014, order terminating his parental rights to A.B. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Elizabeth Snead, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights instead of imposing a less restrictive dispositional alternative.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is that father of A.B., a two-year-old child. Petitioner's parental rights to A.B.'s older sibling were terminated by the Circuit Court of Calhoun County in a prior proceeding due to petitioner's substance abuse, refusal of treatment for substance abuse, and failure to comply with services provided to assist him in reunification with his child. In July of 2013, the DHHR filed an abuse and neglect petition against petitioner alleging that he continued to abuse drugs and that the conditions which led to petitioner's previous termination of parental rights remained unresolved. In July of 2013, during the current abuse and neglect proceeding, petitioner tested positive for marijuana. A.B. was two months old at the time of this petition's filing.

In September of 2013, the circuit court held an adjudicatory hearing. At the hearing, petitioner admitted to his continued substance abuse and his prior termination of parental rights. In October of 2013, the circuit court held an initial dispositional hearing. Petitioner moved for an improvement period and for visitation; also he requested that the DHHR pay for and assist in finding him an in-patient drug treatment facility. The circuit court held petitioner's motion in

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

abeyance pending further review and an additional hearing.[2] The parties moved the circuit court to continue the dispositional hearing based upon the fact that petitioner secured drug treatment at an in-patient facility located in the State of Florida. The circuit court granted the parties' motion to continue the hearing. In November of 2013, the parties appeared for a third dispositional hearing, at which petitioner testified about his rehabilitative drug treatment in Florida and moved the circuit court for an adjudicatory improvement period. The DHHR opposed the motion and moved for the termination of petitioner's parental rights. The circuit court took both motions under advisement.

In May of 2014, the circuit court held an evidentiary hearing at which petitioner testified that he had moved into a half-way house as a step-down treatment for substance abuse and that he could return to West Virginia at any time. The circuit court granted petitioner's motion for an improvement period. Following petitioner's return to West Virginia, he relapsed and produced several positive and abnormal drug screens. The positive drug screens showed the presence of marijuana and opiates.

In November of 2014, the circuit court held a final dispositional hearing. Petitioner testified that he had relapsed and had started abusing drugs after returning to West Virginia. At the time of the final dispositional hearing, petitioner was admitted to another drug treatment facility in the State of Ohio. However, that facility was not licensed in the State of Ohio and the treatment that petitioner received at the facility was not performed by a licensed counselor. At the conclusion of the dispositional hearing, the circuit court found no reasonable likelihood that petitioner could substantially correct his substance abuse issues in the near future and terminated his parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.,* 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. Petitioner's sole argument is that because the circuit court did not give him an additional opportunity to overcome

_____

[2]In October of 2013, the circuit court held a second dispositional hearing.

his substance abuse problem, the circuit court erred in failing to impose a dispositional alternative less restrictive than termination of his parental rights. We disagree and find that the circuit court properly terminated petitioner's parental rights upon a finding that he could not substantially correct the conditions of abuse and neglect. The circuit court specifically based this finding based upon the evidence of petitioner's ongoing drug use. This matter was before the circuit court for approximately one year and four months. Once petitioner completed his in-patient treatment program in the State of Florida, he initially participated in services offered by the DHHR but he soon relapsed and started abusing drugs. Petitioner tested positive for controlled substances, including marijuana and opiates seven times between August 4, 2014, and October 10, 2014. Petitioner was approximately five months into his improvement period when he admitted himself into another, albeit unlicensed, in-patient treatment facility in the State of Ohio. Petitioner did not request any additional services from the DHHR to assist him after his relapse. Pursuant to West Virginia Code § 49–6–5(b)(1), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent. . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and such person...[has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

Given the evidence of petitioner's continued drug use, we find that the circuit court did not err in determining that there was no less restrictive alternative to termination, and that termination was in the child's best interests.

Contrary to petitioner's argument that a less-restrictive dispositional alternative existed, the circuit court had no option but to terminate petitioner's parental rights. Pursuant to West Virginia Code § 49–6–5(a)(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected. Further, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va. Code [§ ] 49–6–5…may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§ ] 49–6–5(b)…that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.,* 227 W.Va. 558, 712 S.E.2d 55 (2011). As such, the circuit court did not err in terminating his parental rights.

Moreover, we find that the time frames and circumstances in this case support termination because neither additional time nor additional treatment would remedy petitioner's substance abuse and addiction issues in a time frame that properly allows for permanency for the minor child. We have previously held that

"[a]s a general rule, the least restrictive alternative regarding parental rights to custody of a child under W.Va. Code, 49-6-5 (1927) will be employed; however, courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that welfare of child will be seriously threatened, and this is particularly applicable to children under age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements."

Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980). For these reasons, the circuit court's termination of petitioner's parental rights was not error.

For the foregoing reasons, the circuit court's November 6, 2014, termination order is hereby affirmed.

Affirmed.

**ISSUED**: October 20, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4